# Due *v.* Woodward.

### *Bill to Settle the State of Title to Land.*

(Decided May 16, 1907.  44 South. 44.)

*Deeds; Construction; Estates Created.*.—Under a deed from the grantor conveying to his wife a life estate in certain lands, executed when they had but one child, who was only six years old and which contained this provision "that on the death of the wife the said property with all the rights and interests thereon shall revert to the grantor therein and in the event of his prior death, to his lawful heirs," such deed did not vest an estate in the child as a purchaser in the event of the death of the grantor before his wife who held the life estate, preventing the conveyance of a fee simple title to another by the grantor and his wife.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by William H. Woodward against Juliet C. Due to settle and determine title to land.  From a decree for complainant respondent appeals.  Affirmed.

S. D. WEAKLEY, for appellant.—Counsel discusses questions raised but cites no authority.

CHARLES G. BROWN, *for appellee.*—Estates in fee simple and estates in fee tail have well defined meanings.—*Smith v. Greer*, 88 Ala. 416.  The word, "heirs" and "heirs of the body" have distinct legal and technical meaning.—21 Cyc. pp. 413-415.  Where one takes the same estate by deed as he would take by descent, he will hold by descent and not by purchase.—18 Tenn. 444; 61 Mass. 161; 76 Ind. 398; 113 Mass. 430; 3 Maryland, 190.  A provision in a grant for life that upon the termination of the life estate the land shall revert to the heirs of the grantor does not give such heir a title by purchase and

[Due v. Woodward.]

the grantor may devise or convey by deed.—81 Ky. 345; 66 S. W. 827; 52 N. E. 296; 2 Washburn's Real Property, p. 503.

HARALSON, J.—We have for construction a clause in the deed of M. N. Due, executed by him, on the 9th of November, 1899, to his wife, Annie C. Due, conveying to her a life estate in certain real property, followed by this provision:

"To have and to hold the said property to said Annie C. Due, for the period of her natural life, upon condition, however, that said Annie C. Due shall not sell her said life estate in said property during the life of said Malvern N. Due, without the written consent of said Malvin N. Due. Upon the death of said Annie C. Due, the said property, with all the rights and interests therein, shall revert to the said Malvern N. Due, and in the event of his prior death, to his lawful heirs."

These parties had one child, a daughter Juliette C. Due, an infant under 14 years of age, at the time said M. N. Due executed said deed to his said wife.

It appears, that on the 8th of December, 1905, W. H. Woodward, the complainant, and the appellee, purchased said property from said Annie C. Due and her said husband, for the sum of $18,500—$10,000 paid in cash, and the balance was divided into two equal installments, payable respectively in one and two years from date, bearing interest at 6 per cent. per annum, with the privilege to the purchaser of paying in full said balance at any time he might desire; which sum of $18,500, it is alleged, was the full and highest market value of said real property. The defendant, Woodward, received from said Annie C. Due and her husband, Malvern Due, at the time of the purchase, a deed of conveyance to said property, containing a warranty of title, which deed

contained the clause, that "the said Malvern N. Due doth hereby consent, in compliance with the provision embodied in his deed to said Annie C. Due, dated 9th of November, 1899, * * * that said Annie C. Due execute this deed, herein and hereby conveying to party of second part ‧(W. H. Woodward), his heirs and assigns, her life estate in and to said lot and premises as aforesaid, and any and all other rights, interests, claims, charges, titles and estate of every kind and description and nature whatsoever, she may have in and to said lot and premises."

M. N. Due died, after the execution of this deed, on the 20th of October, 1906, leaving surviving him as his only heirs at law, his widow, said Annie C. Due, and Juliette C. Due, his only child.

A doubt arose in the minds of the parties, whether by said joint deed to the said W. H. Woodward, the said Annie C. Due and her said husband, could convey a good and indefeasible title and estate in fee simple in and to said lot of land, so that the purchaser and grantee in said deed would take, have and hold by said deed, such title and estate, and that it was not clear beyond doubt, that Juliet C. Due, the only child of said M. N. Due, then in being, or any lawful heir in being at the time of his death, prior to the death of said Annie C. Due, did not have such a contingent and expectant interest in remainder, or reversion, as on the death of said Annie C. Due, would ripen into and become a vested estate in remainder, and thus cut off and defeat such good and indefeasible title and estate in fee to their grantee.

W. H. Woodward filed this bill to clear up these doubts, and definitely settle the state of the title to said land. To this end, the appellant, Juliette C. Due, by her guardian ad litem, filed a motion to dismiss the bill for want of equity, and also filed separate demurrers to

each phase of the bill. As stated by counsel for appellant, the questions raised by the bill are, "whether W. H. Woodward, by his purchase of the Fifth avenue lot from M. N. Due and wife, took an indefeasible estate in fee simple in said lot," or "whether appellant (Juliette C.) has an interest therein, under the deed exhibited to the bill, her father, M. N. Due, being now deceased."

She contends, as her counsel submits, that she has a vested interest in said lot as a purchaser under the deed of November 9, 1899, and that it was the intention of said M. N. Due, to create an interest and estate in her which could not be defeated by a sale of the property by himself and wife; while the contention of the complainant is ,that said Juliette, a minor, took no estate whatever, by or under said deed, and that any estate she might take would be by descent as the lawful heir of her father, and that he and his wife could and did convey by their said deed to complainant, an indefeasible title and estate in and to said lot.

It is said in brief of his counsel that it is clear "that there is nothing in the deed as a whole, or in its provisions considered separately, indicating in the slightest degree that the words, 'lawful heirs,' were not used in their legal and technical meaning, as words of limitation and inheritance, and not as words of purchase—words which show the grantor intended that any estate his lawful heirs might take should be by descent and not by purchase, and that the reversion in fee simple was reserved by the deed, after the determination of the life estate, in and to the grantor, and that it should descend accordingly to the law in force, at the time of the death, in the event of his death prior to the decease of his wife."

The minor respondent (the appellant) was a mere child, about 6 years of age, and as contended, it could

scarcely be conjectured that the grantor could have intended to tie up the disposition of the fee in said lot, until this daughter or after-born children should reach the age of 21 years.

The grantor expressly reserved to himself, as has appeared, the reversion in fee upon the death of the life tenant, the words used, being, "Upon the death of the said Annie C. Due, the said property, with all the rights and interests therein shall revert to the said Malvern N. Due." He then directs the course of descent from him as ancestor to the lawful heirs, using the words, "In the event of his prior death (prior to that of his wife) to his lawful heirs."

It would seem, that the grantor intended, in the event of his death prior to the death of his wife, the life tenant, that the lot should descend according to the statute of descent of the state in force at the time, and that his lawful heirs should inherit from his as ancestor. The deed by Due and wife does not alter this rule of inheritance.—*Couch v. Anderson,* 26 Ala. 676; *Slayton v. Blount,* 93 Ala. 578, 9 South. 241; 21 Cyc. 413; 6 Wash. on Real Estate, p. 503.

The chancellor held that there was equity in the bill, and that the demurrers were not well taken. In this, in our opinion, he did not err.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.